UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| **IN THE MATTER OF THE SEIZURE OF** ) | |
| ) | |
| CONTENTS UP TO $19,131.53 FROM STRIDE ) | Case No. 3:21-MJ-2104 |
| BANK NA, ACCOUNT NUMBER ) | |
| xxxxxxxx3674, ACCOUNT NAME AMBER ) | |
| NANNEY (TARGET ACCOUNT) ) | |

## ORDER TO UNSEAL DOCUMENTS

Upon motion of the United States and for good cause shown it is hereby ORDERED that the redacted Seizure Warrant, Application for Seizure Warrant, Affidavit in Support of Seizure Warrant Application, Return, Inventory and the Motion and Order to Seal in the above-styled case be unsealed.

ENTER:

_____
H. BRUCE GUYTON
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| IN THE MATTER OF THE SEIZURE OF ) | |
| ) | |
| CONTENTS UP TO $19,131.53 FROM STRIDE ) | Case No. 3:21-MJ- 2104 |
| BANK NA, ACCOUNT NUMBER ) | |
| ▉▉▉▉33674, ACCOUNT NAME AMBER ) | UNDER SEAL |
| NANNEY (TARGET ACCOUNT) ) | |

## MOTION TO SEAL

The United States of America, by and through the United States Attorney for the Eastern District of Tennessee moves to seal the Seizure Warrant, Application for Seizure Warrant, Affidavit in Support of Seizure Warrant Application, Return, Inventory and the Motion and Order to Seal related to the above-captioned cases. The United States submits that this matter is still under investigation and the items and information to be seized are relevant to the ongoing investigation. The premature disclosure of the contents of these documents may have a significant and negative impact on the continuing investigation and may severely jeopardize its effectiveness. Furthermore, these documents include allegations of a sensitive nature and their premature disclosure could potentially have serious negative consequences for those individuals identified in the documents.

Accordingly, the United States moves the Court to seal the Seizure Warrant, Application for Seizure Warrant, Affidavit in Support of Seizure Warrant Application, Return, Inventory, and the Motion and Order to Seal in the above-captioned case numbers for a period of 180 days from the issuance of an Order granting this motion. The Government requests permission to apply for a renewal at the end of the 180-day period, if sealing remains necessary.

Respectfully submitted this 28th day of May, 2021.

                        FRANCIS M. HAMILTON III
                        Acting United States Attorney

By:   /s/ Gretchen Mohr
        GRETCHEN MOHR
        Assistant United States Attorney
        800 Market Street, Ste. 211
        Knoxville, Tennessee 37902
        (865) 545-4167
        gretchen.mohr@usdoj.gov
        NY Bar No. 5064704

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| IN THE MATTER OF THE SEIZURE OF ) | |
| ) | |
| CONTENTS UP TO $19,131.53 FROM STRIDE ) | Case No. 3:21-MJ-2104 |
| BANK NA, ACCOUNT NUMBER ) | |
| ▓▓▓▓3674, ACCOUNT NAME AMBER ) | UNDER SEAL |
| NANNEY (TARGET ACCOUNT) ) | |

## **SEALING ORDER**

Upon motion of the United States of America and for good cause shown,

IT IS ORDERED that the Seizure Warrant, Application for Seizure Warrant, Affidavit in Support of Seizure Warrant Application, Return, Inventory, and the Motion and Order to Seal, filed in the above styled case and any subsequently filed Return and Inventory shall be sealed for a period of 180 days from the issuance of this Order. The government may apply for a renewal of the 180-day period, if sealing this matter remains necessary.

IT IS FURTHER ORDERED that the government's Motion to Seal, together with this Order, shall be sealed as set forth above.

Enter this 28 day of May, 2021.

_____
H. BRUCE GUYTON
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
for the

Eastern District of Tennessee

| | |
|---|---|
| In the Matter of the Seizure of<br>*(Briefly describe the property to be seized)*<br><br>CONTENTS UP TO $19,131.53 FROM STRIDE BANK NA, ACCOUNT NUMBER ▓▓▓▓3674, ACCOUNT NAME AMBER NANNEY (TARGET ACCOUNT) | Case No. 3:21-MJ-2104 |

## APPLICATION FOR A WARRANT
## TO SEIZE PROPERTY SUBJECT TO FORFEITURE

I, a federal law enforcement officer or attorney for the government, request a seizure warrant and state under penalty of perjury that I have reason to believe that the following property in the **Eastern** District of **Tennessee** is subject to forfeiture to the United States of America under **21** U.S.C. §§ 853 and/or 881(a)(6). *(describe the property):*

**Contents up to $19,131.53 from Stride Bank NA, Account Number ▓▓▓▓3674, Account Name Amber Nanney (Target Account), which is property that constitutes or is derived from proceeds obtained, directly or indirectly, as the result of an offense in violation of 21 U.S.C. §§ 841 and/or 846, and property that was used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense.**

**THE ABOVE-REFERENCED FINANCIAL INSTITUTION IS HEREBY COMMANDED:** to effect the seizure of the contents of the above-referenced account and to refuse the withdrawal of any amount from said account by anyone other than duly authorized law enforcement agents, promptly provide officers or contractors of the Drug Enforcement Administration with the current account balance.

The application is based on these facts:
**The Affidavit attached hereto and incorporated herein by reference sets forth probable cause for:**

**Civil seizure of the property pursuant to 18 U.S.C. § 981(b) by 21 U.S.C. § 881(b) and criminal seizure pursuant to 21 U.S.C. § 853(e) and (f). Civil forfeiture of the property pursuant to 21 U.S.C. § 881(a)(6) and criminal forfeiture pursuant to 21 U.S.C. § 853.**

☐ Continued on the attached sheet.

*Applicant's signature*

Ashley L. Scott, Special Agent DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 5/28/2021

*Judge's signature*

City and state: Knoxville, Tennessee

H. Bruce Guyton, United States Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| IN THE MATTER OF THE SEIZURE OF | ) | |
|---|---|---|
| | ) | |
| CONTENTS UP TO $19,131.53 FROM STRIDE | ) | Case No. 3:21-MJ-2104 |
| BANK NA, ACCOUNT NUMBER | ) | |
| 33674, ACCOUNT NAME AMBER | ) | |
| NANNEY (TARGET ACCOUNT) | ) | |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR SEIZURE WARRANT

I, Ashley Scott, being duly sworn, depose and state as follows:

### Introduction and Agent Background

1. I am a Special Agent of the Drug Enforcement Administration ("DEA"), United States Department of Justice. I have been so attached since May 2020, and currently work at the Knoxville District Office (KDO). As such, I am a law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7) and am empowered by law to conduct investigations and to make arrest for offenses enumerated in 18 U.S.C. § 2516.

2. Prior to my employment with the DEA, I was a DEA Task Force Officer through the Titusville Police Department in Titusville, Florida, for 4 years. My experience as a Task Force Officer includes, but is not limited to, conducting physical surveillance, interviewing witnesses, writing affidavits for and executing seizure warrants, working with undercover agents and informants, issuance of administrative and federal grand jury subpoenas, analysis of phone toll and financial records, and analysis derived from the use of pen registers, trap and traces, and wiretaps.

3. I have received training in and have experience in the investigation of violations of the federal drug and money laundering laws, including the offenses listed below. I have participated in the investigation of numerous drug trafficking conspiracies, including participation

in previous T-III investigations. As a result, I am familiar with matters including, but not limited to, the means and methods used by persons and drug trafficking organizations to purchase, transport, store, and distribute drugs and to hide profits generated from those transactions. I also have experience in analyzing and interpreting drug codes and cryptic dialogues used by drug traffickers and have spoken to other law enforcement officers with similar experience.

4. I have personally participated in the investigation set forth below. I am familiar with the facts and circumstances of the investigation through my personal participation, from discussions with the Bureau of Alcohol Tobacco and Firearms and Explosives (ATF) and from my review of records and reports relating to the investigation. Unless otherwise noted, wherever in this affidavit I assert a statement was made, the information was provided by another law enforcement officer or witness who may have had either direct or hearsay knowledge of that statement and to whom I or others have spoken or whose reports I have read and reviewed. Such statements are among many statements made by others and are stated in substance and in part unless otherwise indicated.

## Property to Be Seized

5. This affidavit is being submitted in support of an application for a seizure warrant for the contents of the following account:

> CONTENTS UP TO $19,131.53 FROM STRIDE BANK NA, ACCOUNT NUMBER 3674, ACCOUNT NAME AMBER NANNEY (TARGET ACCOUNT).

6. As fully detailed herein, there is probable cause to believe that the contents of TARGET ACCOUNT constitute or are derived from or traceable to the proceeds of illegal activity committed by Amber Nanney ("NANNEY"). Specifically, the funds constitute and/or are derived from violations of 21 U.S.C. §§ 846 and 841. Accordingly, the contents of the

2

TARGET ACCOUNT are subject to seizure to the United States pursuant to 18 U.S.C. §§ 981(b) by 21 U.S.C. § 881(b) and 21 U.S.C. § 853(e) and (f) and forfeiture pursuant to 21 U.S.C. §§ 853 and 881(a)(6) on the grounds that information provided in this affidavit show there is probable cause to believe that the funds contained in the above-listed accounts constitute proceeds that are directly traceable to violations of 21 U.S.C. §§ 846 and 841.

### Background of this Investigation

7. On May 18, 2021, the Honorable H. Bruce Guyton, United States Magistrate Judge for the Eastern District of Tennessee, issued a search warrant for the residence of 1621 Folsom Avenue, Knoxville, Tennessee, case number 3:21-MJ-2089. Agents with the DEA, ATF, and officers with the Knoxville Police Department executed the search warrant on the morning of May 20, 2021.

8. Upon entry into the residence, Amber Nanney ("NANNEY") was located inside. During the search of the residence, agents found twelve firearms, approximately 100 grams of suspected ice methamphetamine, a large amount of U.S. Currency[1], numerous plastic baggies, numerous digital scales, a money counter, glass pipes, and syringes. Personal effects of NANNEY's were found within the residence, which leads your Affiant to believe NANNEY resides within the residence. Further NANNEY identified the room where items were found as her bedroom.

9. NANNEY completed an advice of rights form and waived her *Miranda* rights and agreed to speak with agents. NANNEY stated she obtained approximately six (6) pounds ice methamphetamine and nine (9) ounces of heroin two days prior on May 18, 2021. NANNEY

---

[1] Agents have not counted the U.S. Currency due to the large volume of cash. At the time of this affidavit, the seized U.S. Currency is pending transport to Lumis Corp. for counting.

3

advised she was waiting the arrival of a supplier of ice methamphetamine and heroin and was expecting a car to arrive in the afternoon.

10. NANNEY stated she intended to utilize the above U.S. Currency seized to pay for the delivery of ice methamphetamine and heroin. NANNEY stated what she did not have in bulk cash, the remaining balance owed would be transferred via CashApp. NANNEY provided your Affiant with written and verbal consent to search her two cellphones. During this search, NANNEY opened up her CashApp account for your Affiant and showed your Affiant, multiple transactions where NANNEY sent money to her supplier of ice methamphetamine and heroin totaling approximately $10,400 U.S. currency. Additionally, your Affiant observed numerous transactions where money was received by NANNEY from ▓▓▓▓ ("▓▓▓▓"), totaling approximately $9,000 in U.S. currency between May 11 and May 16, 2021, which was labeled "For work". NANNEY stated she supplies ▓▓▓▓ with heroin and ice methamphetamine. Prior to this investigation, ▓▓▓▓ had been identified by agents as a multi kilogram drug trafficker of ice methamphetamine and heroin. ▓▓▓▓ currently has pending criminal charges for manufacturing, delivery, sale, and possession of control substance and simple possession. To further corroborate the transactions, your Affiant observed Facebook messenger conversations between NANNEY and ▓▓▓▓, where ▓▓▓▓ stated sending the money.

11. NANNEY also admitted that money that she currently had stored on her CashApp are proceeds of her drug sales. To further her cooperation, NANNEY attempted to transfer the proceeds deposited in her CashApp to law enforcement and provided law enforcement with the security passcode. At the time of transfer, the CashApp balance was $19,131.53 and the cost to transfer the balance was $286.97. However, the money was inadvertently transferred to Stride

4

Bank NA, ACCOUNT NUMBER 3674, in the name of Amber Nanney, which is linked to the CashApp account.

12. On May 21, 2021, law enforcement contacted Stride Bank NA. A representative confirmed receipt of a transfer into the account maintained at their institution in the name of Amber NANNEY.

13. Based on the information developed during this investigation and set out in this affidavit, I have probable cause to believe that the TARGET ACCOUNT contains proceeds of drug trafficking in violation of 21 U.S.C. §§ 841 and 846, and is therefore forfeitable to the United States.

14. Insofar as criminal forfeiture is concerned, I know that a protective order would be inadequate to ensure the preservation of the funds in the above-listed bank accounts because funds stored electronically in bank accounts can be easily and almost instantaneously transferred from remote locations, and that financial institutions do not always act promptly to make all of their employees aware of restraints that are placed on such funds. Courts have routinely issued seizure warrants, rather than restraining orders, in cases where the property was highly fungible. It is the nature of the property itself which is sufficient for the court to find that a restraining order may be inadequate. *United States v. Swenson*, 2013 WL 3322632 (D. Idaho July 1, 2013) (the court is entitled to infer from the inherent fungibility and transferability of money in a bank account that a restraining order would be inadequate); *United States v. Lewis*, 2006 WL 1579855, *5 (D. Minn. June 1, 2006) (vehicles and funds in a bank account may be seized pursuant to section 853(f) because both can easily be moved or transferred; a restraining order would be inadequate); *United States v. Wiese*, 2012 WL 43369, *2 (E.D. Mich. Jan. 9, 2012) (§ 853(f) warrant may be used to seize funds in a bank account because they may be easily moved);

*United States v. Martin*, 460 F. Supp. 2d 669, 667 (D. Md. 2006) (finding probable cause to believe that a restraining order would not have been adequate to maintain fungible, transferable property such as cash or money seized from a bank account), aff'd 662 F.3d. 301, 304 n.6 (4th Cir. 2011).

15. Moreover, with respect to civil forfeiture of fungible property, such as funds deposited in an account at a financial institution, I know that it is unnecessary "for the Government to identify the specific property involved in the offense that is the basis for the forfeiture; and that any identical property found in the same place or account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture." 18 U.S.C. § 984. With respect to tracing, it is not a defense that the property involved in the offense underlying the basis of forfeiture has been removed and replaced by identical property. 18 U.S.C. § 984(a)(2), so long as the United States commences a civil forfeiture action within a year of the offense. 18 U.S.C. § 984(a)(2).

16. TARGET ACCOUNT is subject to seizure to the United States pursuant to 18 U.S.C. §§ 981(b) by 21 U.S.C. § 881(b) and 21 U.S.C. § 853 (e) and (f) and forfeiture pursuant to 21 U.S.C. §§ 853, 881(a)(6) and 881(a) on the grounds that the funds contained in the above-listed account constitute proceeds that are directly traceable to violations of 21 U.S.C. §§ 846 and/or 841.

17. As such, the United States seeks the issuance of a warrant providing seizure of the contents of the above-listed bank account that contain funds constituting proceeds or are traceable to proceeds of drug trafficking violations.

18. Based upon all the foregoing information, probable cause exists to believe that the CONTENTS UP TO $19,131.53 FROM STRIDE BANK NA, ACCOUNT NUMBER 3674, ACCOUNT NAME AMBER NANNEY is subject to seizure and forfeiture.

FURTHER THIS AFFIANT SAYETH NOT.

_____
Ashley L. Scott
Special Agent
Drug Enforcement Administration

Sworn to before me this 28 day of May, 2021.

_____
H. Bruce Guyton
United States Magistrate Judge
Eastern District of Tennessee

7

# UNITED STATES DISTRICT COURT
for the
Eastern District of Tennessee

| | |
|---|---|
| In the Matter of the Seizure of<br>*(Briefly describe the property to be seized)*<br><br>**CONTENTS UP TO $19,131.53 FROM STRIDE BANK NA, ACCOUNT NUMBER ▮▮▮▮▮3674, ACCOUNT NAME AMBER NANNEY (TARGET ACCOUNT)** | )<br>)<br>)  Case No. 3:21-MJ-2104<br>)<br>) |

## WARRANT TO SEIZE PROPERTY SUBJECT TO FORFEITURE

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests that certain property located in the **Eastern** District of **Tennessee** be seized as being subject to forfeiture to the United States of America. The property is described as follows:

Contents up to $19,131.53 from Stride Bank NA, Account Number ▮▮▮▮▮3674, Account Name Amber Nanney (Target Account), which is property that constitutes or is derived from proceeds obtained, directly or indirectly, as the result of an offense in violation of 21 U.S.C. §§ 841 and/or 846, and property that was used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense.

THE ABOVE-REFERENCED FINANCIAL INSTITUTION IS HEREBY COMMANDED to effect the seizure of the contents of the above-referenced account and to refuse the withdrawal of any amount from said account by anyone other than duly authorized law enforcement agents, promptly provide officers or contractors of the Drug Enforcement Administration with the current account balance.

I find that the affidavit(s) and any recorded testimony establish probable cause to seize the property.

YOU ARE COMMANDED to execute this warrant and seize the property on or before   June 8, 2021
                                                                                      *(not to exceed 14 days)*

☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must also give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

An officer present during the execution of the warrant must prepare, as required by law, an inventory of any property seized and the officer executing the warrant must promptly return this warrant and a copy of the inventory to
          **H. Bruce Guyton**                                                .
              *(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐ for _____ days (not to exceed 30)        ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 5/28/2021 at 10:30 AM        *(signature)*
                                                                  *Judge's signature*

City and state:  **Knoxville, Tennessee**              **H. Bruce Guyton, United States Magistrate Judge**
                                                                    *Printed name and title*

| Return | | |
|---|---|---|
| Case No.: 3:21-MJ-2104 | Date and time warrant executed: 05.28.2021 / 11:35 a.m. | Copy of warrant and inventory left with: STRIDE BANK |
| Inventory made in the presence of: | | |

Inventory of the property taken:

- CASHIERS CHECK #072351 FROM STRIDE BANK TOTAL $18,848.38 RECIEVED ~~MAIL~~ ON 06.03.2021 VIA UPS.

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 06/03/2021

_Executing officer's signature_

ASHLEY SCOTT, SPECIAL AGENT
_Printed name and title_

| | | | |
|---|---|---|---|
| **Stride** BANK | | CASHIERS CHECK | 072351 |
| | | Date: 6/01/21 | |
| | | Branch: 0001 | |

REMITTER STRIDE BANK N.A

PAY TO THE ORDER OF   EXACTLY **18,848 AND 38/100 DOLLARS           $18,848.38

US MARSHALS SERVICE

*Brenda Cinlinali*
*Matti Hopkin*

⑈000007235⑈

ENDORSE HERE

X _____

☐ CHECK HERE IF MOBILE DEPOSIT

DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE
★ RESERVED FOR FINANCIAL INSTITUTION USE ★



🔒 **The security features listed below, exceed industry guidelines**

| Security Features: | Description of Features: |
|---|---|
| Heat Sensitive Icon | Responds to warmth. Hold between thumb & forefinger or breathe on it. The image will fade & reappear. |
| Warning Band | Alerts handler the document contains security features. |
| Microprint | Endorse lines appear as dotted lines when copied. |
| Diagonal Dimensional Backers | Different spacing of diagonal lines used as an anti-cut and paste device |
| Artificial Watermark | Hold at angle to view. Absence of this feature when copied |
| Toner Grip | Paper is treated with a Toner Adhesion Coating if attempts are made to alter the document text appears broken |
| Colored Background | Pattern protects against alterations. |

Ⓡ Padlock design is a certification mark of Check Payment Systems Association

AO 109 (Rev. 11/13) Warrant to Seize Property Subject to Forfeiture

# UNITED STATES DISTRICT COURT
for the
Eastern District of Tennessee

In the Matter of the Seizure of )
*(Briefly describe the property to be seized)* )
) Case No. 3:21-MJ-2104
CONTENTS UP TO $19,131.53 FROM STRIDE BANK NA, )
ACCOUNT NUMBER █████3674, ACCOUNT NAME )
AMBER NANNEY (TARGET ACCOUNT) )

## WARRANT TO SEIZE PROPERTY SUBJECT TO FORFEITURE

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests that certain property located in the **Eastern** District of **Tennessee** be seized as being subject to forfeiture to the United States of America. The property is described as follows:

Contents up to $19,131.53 from Stride Bank NA, Account Number █████3674, Account Name Amber Nanney (Target Account), which is property that constitutes or is derived from proceeds obtained, directly or indirectly, as the result of an offense in violation of 21 U.S.C. §§ 841 and/or 846, and property that was used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense.

THE ABOVE-REFERENCED FINANCIAL INSTITUTION IS HEREBY COMMANDED to effect the seizure of the contents of the above-referenced account and to refuse the withdrawal of any amount from said account by anyone other than duly authorized law enforcement agents, promptly provide officers or contractors of the Drug Enforcement Administration with the current account balance.

I find that the affidavit(s) and any recorded testimony establish probable cause to seize the property.

YOU ARE COMMANDED to execute this warrant and seize the property on or before  June 8, 2021
*(not to exceed 14 days)*

☑ in the daytime 6:00 a.m. to 10:00 p.m.  ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must also give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

An officer present during the execution of the warrant must prepare, as required by law, an inventory of any property seized and the officer executing the warrant must promptly return this warrant and a copy of the inventory to
**H. Bruce Guyton**
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days (not to exceed 30)  ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 5/28/2021 at 10:30 Am  *Bruce Guyton*
                                              *Judge's signature*

City and state: **Knoxville, Tennessee**  **H. Bruce Guyton, United States Magistrate Judge**
                                          *Printed name and title*

AO 109 (Rev. 11/13) Warrant to Seize Property Subject to Forfeiture (Page 2)

| Return | | |
|---|---|---|
| Case No.:<br>3:21-MJ-2104 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of: | | |
| Inventory of the property taken: | | |

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*